UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

VERNITA WORRELL,

                           Plaintiff,                      Case No. 19 CV 3138

          -against-                         COMPLAINT

THREE A PLUS INC. d/b/a MALIBU DINER,

                           Defendant.
_____

       Plaintiff, VERNITA WORRELL ("Plaintiff"), by and through her undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint the "Complaint") THREE A PLUS INC. d/b/a MALIBU DINER (the "Diner") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* , 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296 and the Administrative Code of the City New York (the "Administrative Code"), § 8-107, and sets forth as follows:

**JURISDICTION AND VENUE**

      1       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

      2.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

      3.      Plaintiff was and remains a resident of the State of New York.

4.      The Plaintiff has polio and uses a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

5.      The Diner owns and operates a diner restaurant at the premises known and designated as 163 W. 23rd Street, New York, New York (the "Property").

STATEMENT OF FACTS

6.      Plaintiff has a friend who lives in the area where the Property is located and meets her friend to shop and dine at accessible businesses in the neighborhood.

7.      The Diner is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104.

8.      On January 16, 2019, Plaintiff went shopping with her friend at the Home Depot at 40 W. 23rd Street.

9.      After they completed their shopping at Home Depot, they decided to eat at the Diner.

10.      While Plaintiff's friend parked her car, Plaintiff went ahead to the Diner.

11.      Upon arrival, Plaintiff discovered that, despite a sign in the Diner's window claiming wheelchair accessibility, Plaintiff was unable to independently open the entrance door, or the interior vestibule door.

12.      After receiving the necessary door opening assistance from an exiting patron of the Diner, the Plaintiff entered the Diner.

13.      Once through the doors, Plaintiff navigated down an aisle created by a counter with seating on one side and small tables against the wall on the other.

14.      Past that area is booth and table seating towards the rear of the Diner.

15.     Seating in the rear portion of the Diner is not accessible to persons in wheelchairs. The route is impossible to navigate because there are two aisles, one of which is approximately 26 inches wide and the other 33 inches wide, creating a passage too narrow to accommodate a patron in a wheelchair.

16.     A Caucasian male, approximately 60 to 70 years of age (who, upon information and belief, was an agent, servant or employee of the Diner; hereinafter, the "Manager"), told Plaintiff to go ahead and sit at table in the first of the rear aisles she arrived at, however, that aisle was inaccessible to Plaintiff, and she told the Manager so.

17.     The Manager then pointed to tables in the second of the rear aisles, but then acknowledged to Plaintiff that that aisle was also too narrow for Plaintiff to access.

18.     At that point, the frustrated Plaintiff started backing up her chair, as there was no room for her to turn around.

19.     When she had backed up her wheelchair to the first of the tables at the end of the aisle she was able to navigate, she asked if she could sit there.

20.     The Manager told her no, that she would be in the way of other patrons.

21.     Embarrassed and aggravated, Plaintiff, who continued to back up her wheelchair due to insufficient turning space, then asked the Manager if she could sit at the counter.  There was an empty space where Plaintiff could fit her wheelchair (see Exhibit A), and she could raise her chair up to eat.

22.     The Manager refused, saying that she would block other patrons.

23.     The Manager then said to Plaintiff "Sorry, you have to leave because we have no room for you" (or words to that affect).

24.     Stunned, the Plaintiff sat there and repeated the words the Manager had spoken.

25.     Hearing nothing further from the Manager, the Plaintiff proceeded to exit the Diner, commenting to the hostess at the door that "he told me there was no room for me".

26.     The Plaintiff was so embarrassed and humiliated that she could not even recall how the doors were opened for her to make her exit.

27.     The Diner discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation, in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq.

28.     Insulted, humiliated, embarrassed and angry, Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff.

29.     Plaintiff will continue to visit the Diner and will attempt to enter the Diner if the barriers to her enjoyment of the facilities have been removed and the policies of the Diner changed to comply with the law.

30.     The Diner is required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a).  In the alternative, if there has been an alteration to the Diner's place of public accommodation since January 26,1992, then the Diner is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Diner's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Diner's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

31.     An inspection of the Diner was conducted, and the following barriers were noted:

a.      The mat in the vestibule is not secured to the floor.  All edges on all sides should be secured so a wheelchair may pass safely.

b.      There is no 18 inch space on the pull side of the recessed entrance door.  A person using a wheelchair requires that clearance to get close enough to the door to open it.

c.      There is insufficient room inside the vestibule for a person seated in a wheelchair to open the vestibule door.

d.      The tables are arranged so that there is insufficient room for a person in a wheelchair to move up and down the aisles.

e.      There is no accessible seating provided for patrons in wheelchairs.

f.      There is no lowered section of the dining counter.

g.      A toilet room marked as accessible is too small because it does not provide adequate maneuvering space for the Plaintiff in her wheelchair.

h.      The Plaintiff does not have enough room to turn and lock toilet room the door.

i.      The hook attached to the inside of the toilet room door is too high for the Plaintiff to use from a seated position.

j.      A trash can next to the toilet interferes with the clearance required by Plaintiff to transfer to the toilet independently.

i.      There is not enough clearance in front of the sink for the Plaintiff to pull up to it to use it.

32.     All of the foregoing barriers were reviewed with Plaintiff prior to the filing of this Complaint.

33.     The Diner's failure to provide the same opportunity to take advantage of the goods and services offered by the Diner to non-disabled patrons constitutes discrimination of

Plaintiff, in violation of 42 USC § 12182(b)(ii) and 42 USC § 12182(2)(A)(iv).

**FIRST CLAIM FOR RELIEF**
(Americans with Disabilities Act)

34.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

35.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

36.     The Diner has discriminated against Plaintiff on the basis of disability. The Diner's discriminatory conduct includes, but is not limited to:

a.      Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.      Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.      Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

d.      Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

e.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

37.     The Diner failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

38.     The Diner has discriminated, and continue to discriminate, against Plaintiff, in violation of the ADA, by maintaining and/or creating an inaccessible place of public accommodation.

39.     The Diner's violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

40.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

41.     The Diner has subjected, and continues to subject, Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation, all because she is disabled.

42.     By failing to comply with the law in effect for decades, the Diner has articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of its place of public accommodation.

43.     The Diner has discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

34.     The Diner has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

45.     It would not impose an undue hardship or undue burden on the Diner to make their place of public accommodation fully accessible.

46.     As a direct and proximate result of the Diner's unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

47.    Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

48.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

49.    The Diner has subjected P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4)(a)(1)(a) and (b).

50.    The Diner has further declared that it will not provide its services to Plaintiff, and that her patronage is not desired, all because she is disabled, in violation of Administrative Code § 8-107(4)(a)(2)(a) and (b).

51.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130.

52.    The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

53.     As a direct and proximate result of the Diner's unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

54.     The Diner's long-standing refusal to make its place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

55.     By refusing to make the place of public accommodation accessible, the Diner has unlawfully profited from its discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The unlawful profits plus interest must be disgorged.

56.     Plaintiff has suffered damages in the amount of at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) and the total amount, plus punitive damages, shall be determined at trial.

## INJUNCTIVE RELIEF

57.     Plaintiff will continue to experience unlawful discrimination as a result of the Diner's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Diner to alter and modify its place of public accommodation and its policies, practices and procedures.

58.     Injunctive relief is also necessary to make the Diner readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling the Diner to provide ADA compliant seating, a wheelchair accessible toilet room, and to change its policies and practices.

## DECLARATORY RELIEF

59.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility

violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

60.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Diner's place of public accommodation, and its policies, practices and procedures

B.     Issue a permanent injunction ordering the Defendants to remediate all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Diner's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, as a result of the Diner's violations of the New York State Executive Law;

E.     Award at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus punitive damages, in such amount as shall be determined at trial, as a result of the Diner's conduct and violations of the Administrative Code

of the City of New York;

      F.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

      G.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

      H.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 9, 2019

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440

EXHIBIT A

